## Kemmerer *versus* Wilson.

In an action on a guarantee, it is a good defence, that collateral securities assigned by the principal, at the time of making the contract of guarantee, for the security of the same debt, have been lost through the plaintiff's want of diligence.

It is the duty of the plaintiff, in such case, to use due diligence in the collection of the collateral securities, without a special request from the guarantor so to do.

In an action on such guarantee, a letter from the principal to the creditor, written at the time of making the contract, is not evidence against the guarantor, to vary the legal effect of his contract.

ERROR to the Common Pleas of *Lehigh county*.

This was an action of covenant by Martin Kemmerer against Thomas B. Wilson, on a contract of guarantee, under seal, dated the 11th April 1843, but executed on the 11th April 1842; whereby the defendant guarantied to the plaintiff the payment of $1000, with interest, loaned by him to the Northampton Bank, and to be repaid in one year, with interest.

On the 11th April 1842, the Northampton Bank assigned to the plaintiff the bond of Peter Huber, Abraham Worman, and Abraham Worman, Jr., of the same date, in favour of the bank, conditioned for the payment of $1000, on the 1st April 1844, with interest. This assignment was made as collateral security for the sum of $1000, on that day, loaned to the bank, by the plaintiff, in specie, and to be repaid to him, in like currency, on the 1st April 1843.

Upon this assignment was endorsed the contract of guarantee on which the plaintiff brought this action, as follows:—

"I, Thomas B. Wilson, of the borough of Allentown, county of Lehigh, and state of Pennsylvania, do hereby guarantee to Martin Kemmerer, of Upper Milford township, county and state aforesaid, the payment of the said sum of one thousand dollars, with its interest, in gold or silver coin, on the said first day of April, A. D. 1843, by the said obligors in the said obligation mentioned. In witness whereof, I have hereunto set my hand and seal, this eleventh day of April, A. D. 1843.

"THOS. B. WILSON.   [SEAL.]

"Sealed and delivered in the presence of
"CHARLES L. NEWHARD."

Huber paid up the interest on this bond until 1848, and in 1847 made a small payment on account of the principal. In June 1848, a fire occurred in Allentown, by which Huber lost much of his property; the defendant thereupon requested the plaintiff to bring

suit upon the bond, which was done, and 50 per cent. only was realized. The plaintiff then brought this action on the defendant's guarantee.

The defendant filed a special plea, alleging that he was discharged from liability, because the plaintiff had not used due diligence in collecting the bond from the obligors, who were, at the maturity of the bond, and a long time afterwards, solvent, and could and would have paid the same, if payment had been demanded.

To this the plaintiff replied, that he did proceed against the obligors in said bond, when notified to do so by the defendant; and that the defendant's covenant with the said plaintiff was for the payment of the said money in the said bond, at a day certain, in gold or silver; and that, by the force of his covenant and agreement, the defendant became liable to pay the same on that day, or on any other day thereafter, if the obligors in the said bond should fail to do so, without the said plaintiff being required to pursue the said obligors.

On the trial, the plaintiff offered in evidence the following letter from the cashier of the Northampton Bank to himself:—

"Northampton Bank, Allentown, April 12, 1842.
"Mr. Martin Kemmerer.

"Dear Sir: The bearer, Mr. Samuel Horn, will hand to you a certificate of deposit for one thousand dollars, payable on the first of April next, in gold or silver coin, with interest; to secure which certificate he will also hand you a bond, Peter Huber and others, to the bank, assigned to you, and guarantied by Mr. Thos. B. Wilson, which bond we consider unexceptionable. You will, therefore, please hand to Mr. Horn your specie.

"Very respectfully,
"GEORGE KECK, Cashier."
*Endorsed:* "Mr. Martin Kemmerer, Upper Milford township.
"Per Mr. Samuel Horn."

The court below admitted this letter in evidence, for the purpose of showing the mistake in the date of the defendant's guarantee, but rejected it for any other purpose; to which the plaintiff excepted. An exception was also taken to the admission of evidence of the solvency of the estate of Abraham Worman until 1848.

The court (McCARTNEY, P. J.) charged the jury, that the defendant's contract was not an original undertaking, but a technical guarantee; and that, if the obligors in the bond were all, at the maturity thereof, able to pay it, and remained so until 1848, the defendant was discharged from all liability, by the plaintiff's omission to collect the debt during that period.

To this charge the plaintiff excepted, and a verdict having been

[Kemmerer *v.* Wilson.]

rendered in favour of the defendant, and judgment entered thereon, the plaintiff removed the cause to this court, and here assigned for error: 1. The rejection of the letter of 12th April 1842. 2. The admission of evidence of the solvency of the obligors. 3. The charge of the court.

*J. D. Stiles* and *A. E. Brown*, for the plaintiff in error.—The defendant was a principal and not a guarantor; he became liable after the 1st April 1843, without recourse being had to Huber or to the bank: Marberger *v.* Pott, 4 *Harris* 9, 13; McDoal *v.* Yeomans, 8 *Watts* 362; Street *v.* Silver, *Brightly* 96; Girard Life Insurance Co. *v.* Finley, 7 *Leg. Int.* 102; s. c. *Phila. R.* 70; Matthews *v.* Christman, 12 *S. & M.* 595; Williams *v.* Springs, 7 *Iredell* 384; Cochran *v.* Dawson, 1 *Miles*, 276; Upham *v.* Prince, 12 *Mass.* 14; Allen *v.* Rightmere, 20 *Johns.* 365; Brown *v.* Curtiss, 2 *Comst.* 225; Koch *v.* Melhorn, 1 *Casey* 89; 2 *Am. Lead. Cas.* 94.

The court below ruled this case on the authority of Leser *v.* Frantz, a case decided by this court, but not reported. But the facts in the two cases were entirely different.

In Leser *v.* Frantz the bond was payable on the 1st April 1850; the guarantee endorsed on it, was in the following words: "I hereby guaranty the payment of the within bond, at the time therein specified. Witness my hand and seal, this 2d day of May 1850. WILLIAM FRANTZ. [Seal.]"

The question as to whether an agreement that a third party shall pay money at a future time, and that at a time different from that specified in his bond, is an original undertaking, or a general guarantee could not have been raised in the case of Leser *v.* Frantz. The guarantee was dated after the bond was due, and the words, "*at the time therein specified*," were very properly rejected as insensible, and the writing was treated as an ordinary case of the guarantee of a bond assigned after it became due. The court below were reversed, because they treated a guarantor as a surety. In Leser *v.* Frantz this court says, "Now it is well settled in Pennsylvania, that the contract of one who guaranties the existing debt of another, is a mere warranty of the debtor's solvency." Viewed by this rule, the case of the defendant in error is gone. He did not warrant the solvency of Huber and the Wormans; but he undertook that, on the 1st April 1843, they should pay to Kemmerer one thousand dollars, with its interest, in gold and silver. If they paid at the time, he was discharged; if not, he was to do it for them.

*A. E. Wright* and *S. A. Bridges*, for the defendant in error, cited Parker *v.* Culvertson, 1 *Wall, Jr.* 149; Leser *v.* Frantz (not reported); Marberger *v.* Pott, 4 *Harris* 9; McClurg *v.* Fryer, 3

[Kemmerer v. Wilson.]

*Harris* 293 ; Gibbs *v.* Cannon, 9 *S. & R.* 202 ; Overton *v.* Tracey, 14 *S. & R.* 327.

The opinion of the court was delivered by

LEWIS, C. J.—It is a mistake to suppose that the instrument on which this action is brought is a guarantee of the bond of Huber and others. It is certainly a guarantee, and not an original undertaking, because the word "guarantee" is used in it without any words tending to show that it was not used in its ordinary sense. The contract guarantied is described in the guarantee to be one in which there was an obligation to pay to Martin Kemmerer "the sum of one thousand dollars, with interest, in gold or silver coin, on the said first day of April, A. D. 1843." The contract containing this engagement is the one which immediately preceded the guarantee on the same sheet of paper. We refer, of course, to the engagement of the bank, contained in the instrument assigning the bond of Huber and others to Kemmerer, as collateral security for his claim. It was not improper to call it an "obligation," for it is an engagement under the corporate seal of the bank. It is not very strange that Wilson should speak of the parties bound by it as "obligors," because it is signed by both of the officers of the bank. Although this description of them was not technically correct, such an inaccuracy of expression is not sufficient to outweigh the other controlling points of description. There is nothing whatever in the bond given by Huber and others which can substantially answer the description contained in the guarantee. There is no engagement in that bond to pay money on the first of April 1843—there is no engagement to pay "in gold or silver coin." This construction is an answer to the argument founded on the supposition that the instrument on which the action is brought, contains an engagement for the payment of the money at an earlier day than that provided for in the principal contract. The principal contract is that entered into by the bank. The bond against Huber and others was assigned as collateral security for that contract. It was a part of the assets of the bank pledged to Kemmerer as a security for his demand, and although he might have brought his action immediately after the 1st of April 1843, still, as he did not bring suit until long after the bond of Huber and others became due, the defendant below, by virtue of his equity as guarantor, had a right to show that by the exercise of due diligence, the plaintiff below might have recovered his claim out of the assets of the bank in his hands. A loss of those assets, through negligence, is as fatal to his recovery from the guarantor as a loss of the debt through a want of diligence in prosecuting the bank itself. That these assets were sufficient to pay the debt, and that they were lost through a want of diligence on the part of the plaintiff below, is admitted in the pleadings. The facts con-

[Kemmerer *v.* Wilson.]

stituting this defence, as set forth in the special plea, are not denied in the replication. The plaintiff below replies that he "did proceed against the obligors in the said bond *when notified to do so by the said defendant.*" The value of this allegation depends upon the question, whether the instrument signed by the defendant below is of such a character as to require him to give the plaintiff notice to proceed against the principal debtor's property. As we are of opinion that it is nothing more than an ordinary guarantee, it follows that the replication contains no sufficient answer to the special plea; and this entitles the defendant to judgment.

It was right to admit the letter of George Heck in evidence, to show the mistake in the date of the guarantee. But we cannot see any error in rejecting it when offered in evidence generally.

Judgment affirmed.